Judgment rendered August 9, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,208-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

KENNETH SMALL                               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 380,311

Honorable Michael A. Pitman, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Chad Ikerd

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

JASON WAYNE WALTMAN
REBECCA ARMAND EDWARDS
Assistant District Attorneys

* * * * *

Before THOMPSON, ROBINSON, and HUNTER, JJ.

**HUNTER, J**.

Defendant, Kenneth Small, was charged by bill of information with indecent behavior with a juvenile, in violation of La. R.S. 14:81. After a jury trial, defendant was found guilty of attempted indecent behavior with a juvenile. The trial court sentenced defendant to serve seven years in prison without the benefit of parole, probation or suspension of sentence. For the following reasons, we affirm defendant's convictions and sentences.

## FACTS

On July 23, 2020, K.H., who was nine years old, was dropped off by her mother at defendant's house to visit with his daughter. K.H.'s mother and defendant's wife were close friends, and the two families frequently visited each other's homes. Defendant, Kenneth Small, was described as "like a godfather" to K.H., and defendant's youngest daughter and K.H. were "like god sisters."

K.H. spent the night at defendant's home, and she was picked up by her mother the next day. Approximately one week later, K.H. began her menstrual cycle. Because K.H. was only nine years old, her mother asked her if anyone had "touched" her inappropriately. After an initial denial, K.H. told her mother about an incident which occurred during the visit at defendant's house. K.H. stated she was in the bed with defendant, his wife and his daughter when defendant pulled down her shorts and "hunched" her. K.H.'s mother called the Shreveport Police Department ("SPD") and took the child to the pediatric clinic at LSU Medical Center.

In December 2020, K.H. was interviewed at the Gingerbread House Child Advocacy Center. K.H. told the interviewer she went to sleep in the bed with defendant, his wife and their daughter, and defendant pulled down

her leggings and she felt him kissing and "hunching" her. She also stated she believed defendant pulled down his pants and revealed his penis; however, she admitted she did not see his penis. She also stated her underwear was on the entire time.

In January 2021, defendant was charged with indecent behavior with a juvenile, in violation of La. R.S. 14:81. Following a jury trial, the defendant was found guilty of attempted indecent behavior with a juvenile, a lesser included offense. He was sentenced to seven years' imprisonment without the benefit of probation, parole, or suspension of sentence. Defendant was also ordered to register as a sex offender upon his release from prison.

Defendant appeals.

## DISCUSSION

Defendant contends the evidence presented was insufficient to prove beyond a reasonable doubt he was guilty of the offense. He argues the evidence did not establish he had the specific intent to commit a lewd or lascivious act upon K.H. Defendant further argues K.H.'s statements were inconsistent. Specifically, K.H. told her mother defendant pulled down her leggings, but she told the forensic interviewer he "pulled out" his penis and removed his pants. Therefore, defendant asserts, the State failed to prove he was guilty of attempted indecent behavior with a juvenile

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124

S. Ct. 1604, 158 L. Ed. 2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517.

In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Coffey*, 54,729 (La. App. 2 Cir. 9/21/22), 349 So. 3d 647, *writ denied*, 22-01574 (La. 12/20/22), 352 So. 3d 89; *State v. Wilson*, 50,418 (La. App. 2 Cir. 4/6/16), 189 So. 3d 513, *writ denied*, 16-0793 (La. 4/13/17), 218 So. 3d 629. Likewise, the sole testimony of a sexual assault victim is sufficient to support a requisite factual finding. *Id.* Such testimony is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. *Id.*

The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness. *State v. Higgins*, 03-1980, p. 17 (La. 4/1/05), 898 So. 2d 1219, 1232, *cert. denied*, 546 U.S. 883, 126 S. Ct. 182, 163 L.Ed. 2d 187 (2005). When there is conflicting evidence about factual matters, the resolution of which depends on a determination of the credibility of witnesses, the matter is one of the weight, not the sufficiency, of the evidence. *Tibbs v. Florida*, 457 U.S. 31, 46, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982); *State v. Reed*, 14-1980 (La. 9/7/16), 200 So. 3d 291.

La. R.S. 14:81 provides in pertinent part:

A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:

3

(1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense[.]

La. R.S. 14:27(A) provides:

Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

In the instant case, K.H.'s mother testified at trial.[1] She stated she had been friends with defendant for a number of years and on July 23, 2020, at 1:00 a.m., he sent her a text message asking for a ride to the store. The mother stated after taking defendant to the store, he asked if K.H. could come to his house to visit his daughter. The mother agreed and left K.H. at defendant's house and picked her up the next day. The mother testified a week later K.H. told her defendant had inappropriately touched her during her visit.

Meagan Hughes, a forensic interviewer at the Gingerbread House, testified she interviewed K.H. in December 2020, and the child had difficulty speaking about defendant's behavior.[2] Hughes stated K.H. described defendant's actions as "hunching," and she did not label the male and female genitalia by their proper names. Rather, she identified genitalia as a person's "front" and "back" parts, and she stated defendant used the front part of his body against the front part of her body. Hughes also

---

[1] The initials of the victim's mother are also K.H. To avoid confusion, she will be referred to as "the mother."

[2] K.H.'s Gingerbread House interview was recorded and the videotape was played for the jury during defendant's trial.

4

testified K.H. was "very withdrawn" and had difficulty expressing what had happened to her. According to Hughes, K.H.'s behavior and demeanor were consistent with a child who has experienced a traumatic incident.

K.H., who was eleven years old at the time of trial, testified the statements she made during the Gingerbread House interview were truthful. K.H. stated when the incident occurred, she was on the edge of the bed next to defendant, who was lying with his head facing toward the foot of the bed. K.H. testified defendant improperly touched the "front part" of her body with the "front part" of his body, and when she told him to stop he told her not to tell anyone.

Rodney Stewart, a detective with the SPD, testified he began investigating the case in December 2020 and scheduled the interview of K.H. at the Gingerbread House. Det. Stewart stated he questioned defendant, who initially denied K.H. had been in the bed with him, his wife and daughter. Det. Stewart testified when defendant was told of the child's allegation, he then stated K.H. had sat on the bed in the early morning to watch television. Defendant denied touching K.H. while she was in his bed.

Latasha Small, defendant's wife, also testified. She stated K.H. was "like a Goddaughter" to her, and she often spent the night at her house. Small testified she and her daughter were asleep when K.H. arrived at the house the night of the incident, but she woke up when K.H. got into the bed. She also stated she was awakened again when defendant got into the bed. She stated her daughter, defendant and K.H. were still asleep when she awoke. She also testified she went to the kitchen to cook breakfast, and she later awoke defendant, K.H., and her daughter. Small admitted she did not know what occurred while she was asleep.

5

Small further testified defendant slept with his head facing the foot of the bed. According to Small, she slept between her daughter and K.H. in the bed that night. Small stated she woke up to use the bathroom several times that night, and she did not recall defendant having any physical contact with K.H. Small described defendant as a "big man" and stated his size and weight made it difficult to engage in sexual relations when he was on top.[3] She also stated their bed squeaked loudly. On redirect examination, Small admitted she told the police officers she was asleep all night, and she did not know "what went on in the bed."

After being advised of his rights, defendant waived his rights and testified at trial. Defendant stated on the night of the incident, he had gone to the store at approximately 1:00 a.m. with K.H.'s mother and her boyfriend. Defendant testified he agreed to allow K.H. to stay at his house while the mother went to a casino. Defendant stated after he and the child were dropped off at his house, he went to bed at approximately 3:00 a.m. with his wife and daughter. Defendant testified he slept with his head facing the foot of the bed, and K.H. was not in the bed when he went to sleep. According to defendant, he awakened at approximately 4:00 a.m., and he noticed K.H. was in the bed on the other side of his wife. Defendant stated his wife told K.H. to move, and K.H. went into the living room to watch television. Defendant denied seeing K.H. get into the bed with him, his wife and his daughter, and he stated he did not have any physical contact with K.H.

---

[3] This testimony was the defense's attempt to prove a man of defendant's size would not have been able to lie on top of a nine-year-old girl, in a squeaky bed, without awakening his wife and daughter.

6

During cross-examination, defendant clarified his initial denial of K.H. sleeping in the bed with him and his family. He explained K.H. did not sleep in the bed the entire night; she "eased" into the bed while he and his family were asleep.

K.H.'s testimony was sufficient support to support the jury's verdict. Any inconsistencies in K.H.'s statements were considered by the jury and decided unfavorably to the defendant, in light of the other evidence presented at trial. K.H. unequivocally testified with regard to defendant's actions. Additionally, Ms. Hughes testified the change in K.H.'s demeanor when she began describing the defendant's actions indicated she had experienced a traumatic event. As noted above, credibility determinations are matters of weight not sufficiency and, as such, do not cause the evidence to be insufficient to convict. This assignment of error is without merit.

## CONCLUSION

For the reasons set forth herein, defendant's convictions and sentences are affirmed.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED.**